Today's cases will be called as previously announced and the times will be as allotted. The first case this morning is 24-1918, the United States v. Rafael Davila. Counsel for the appellant, please. May it please the Court, Xander B. Romalo representing the appellant Rafael Davila. I would like to reserve two minutes for rebuttal. You may. Thank you. Two minutes, Counsel? Yes. Thank you. Thank you. This Court's precedent, the criminal rules regarding forfeiture, and the forfeiture statutes require that the government establish a nexus between the offensive conviction and the property to be forfeited. Here that nexus was not established where the government relied on acts that occurred months to years before the conduct charged in the indictment. And conduct that has occurred months or years prior to the dates in the indictment is not part of the offensive conviction because the offensive conviction flows from what the government has charged. So we have the case of Cox. Cox tells us that forfeiture can reach proceeds from uncharged conduct if it was part of the same scheme or conspiracy alleged in the counts of conviction. And then we also have the Second Circuit's case of Cappuccio, which states that the scheme or conspiracy is defined by the dates of the conduct charged in the indictment. So what do we do with the fact that it doesn't say, it says this is the latest date, but it could have been before that date? And also, what do we do with the fact of the, you know, many cases that do allow some flexibility and certainly have evidence that could be admitted at trial of an earlier date for a  Sure. So certainly the government is permitted to use approximate dates when charging an offense. In this case, the government used at least January 1st, 2022. And for the other conspiracy, the Money Laundering Conspiracy charge, they used at least on or about January 1st, 2022. And in terms of admissibility for evidence purposes, the government can establish the existence of a conspiracy by referencing earlier acts. But the question here is forfeiture, and forfeiture is a different question than evidence admissibility. For evidence admissibility, you're really just looking at relevant. For forfeiture purposes, the taking has to be tied to the offense of conviction. Now, approximate dates might give you some leeway, maybe a couple of weeks, but certainly not months or years. And the government is attempting Why would that be so with respect to a conspiracy? Why would the flexibility Why do you only get a couple of months when we're talking about a conspiracy? So it's really defined by the dates. The government chose how to charge the offense in this case. And even though they use the at least language, it doesn't sling back to months or years. If you look at Pattinger instructions from other circuits, they've defined on or about as a date that is reasonably near the dates charged in the offense. It makes sense, for example, with a burglary or a one-off type of crime. For notice purposes, I'm trying to just understand, do the same things come into play when we're talking about an ongoing conspiracy? In terms of limitations for forfeiture? Well, when it started, why does it matter that you pinpoint the date within a couple of months? Because you're going to have a due process violation if the defendant doesn't receive fair notice as to what they're being charged, which the defendant is entitled to, and what the defendant is entering a plea to. And in this particular case, Davila entered a guilty plea to the offense charge, which was January 1st, or excuse me, at least January 1st, 2022. The government hasn't pointed to any case law that allows the indictment to stretch back. I mean, how do we think about this? I guess I'm trying to think about, you know, we talk about variances. Some variances are prejudicial, some variances are not. I mean, is that the kind of thinking that we should be using here to identify the sort of perimeter that the government can go to? You know, it seems like if you take the plea colloquy, you take the bill of particulars, it seems like there was information that it extended earlier. So how do we think about, and I'll ask your friend the same question, how do we think about, if it's not the precise date, if that's not it, then how do we think about the limitation? So, as I mentioned previously, there is some leeway, possibly a couple of weeks, but nothing that allows the government to pursue acts that have occurred in 2019 or 2020 or 2021, which the government is attempting in this case. And why, I mean, if it is the same agreement, and the reason for that is because it's unfair in some way, I mean, what's the, if it is the same agreement, like factually it's the same agreement, but they've said this is the latest date and it's earlier, what is the prejudice? So I think it's important to note that at the Rule 11 hearing, Davila did not agree to every representation made by the government. So the indictment charged a conspiracy that ran from at least January 1st to 2022. Davila entered a plea, a guilty plea, to the conspiracies, but not to every particular act that the government alleged. And I don't think the government can remedy a defendant not receiving fair notice simply by throwing in additional allegations at a Rule 11 hearing or at a later pleading. The fair notice is required as of when the indictment is provided. Again, the government has the option of charging earlier offenses, and they chose not to do so. January 1st, 2022, in fact, is fairly flexible because the overt acts, in terms of the conspiracies in this case, did not be, were not alleged to begin until March 1st, 2022, so there's already- Counsel, would you agree that the conduct underlying the charge could well have preceded the charge itself? What we have here and what the court found is that the conduct underlying the charge, and the statutes talk about conduct, not charge. That conduct is a finding preceded the charge set forth in the offensive conviction. There is that distinction between the conduct and the offensive conviction, is there not? And when you say the statutes refer to conduct, are you referring to the forfeiture statutes? Pardon? When you say the statutes refer to conduct, are you referring to the forfeiture statutes? That's correct. So we're not contesting the District Court's factual finding that the thefts from 2020 or 2021 were part of the same course of conduct or scheme, but again, Davila noted at his plea hearing that he was not agreeing to every representation made by the government. And the question here is not whether the conspiracy or acts occurred prior to 2020, it's whether there is a nexus, there has to be a nexus between the property sought to be forfeited and the offensive conviction. The offensive conviction is what flows from what Davila pled to, which is based on what was charged in this indictment. The indictment charged a conspiracy at least January 1st, 2022. There has been no case that states that for forfeiture purposes, the government is allowed to reach back years prior to that. Whatever Davila may have been doing prior to the timeframe of this indictment, again, at least January 1st, 2022, is irrelevant to whether the property to be forfeited is traceable to the offense to which he pled. But if there are no more questions on that. Counsel, you've addressed sort of the legal nexus argument. What about the fact you, you make a legal nexus argument and a factual nexus argument. You want to quickly address your factual contention? Yes, may I address it? Or would you like me to address it in rebuttal? You can address it. If the court determines that Cox and Capocia does permit the government to reach back to 2019 for forfeiture purposes, the government still has a burden to prove that it was more likely than not that the vehicles in this case were purchased with proceeds of the theft. And based on the record in this case, the government did not meet its burden. And that's by clear, we're reviewing that for clear error. You agree with that? Yes, we're reviewing the district court's finding by clear error. Davila had legitimate sources of income, multiple sources of legitimate sources of income from which he could purchase these vehicles. We're talking about some assets which were used. We don't know the purchase price of some of these assets. We don't know when they are purchased. So it's difficult to understand why the district court determined that the vehicles were purchased with solely illegitimate income. Thank you. Your Honor, may it please the Court, Randall Crum on behalf of the government. You know, starting with the indictment question and sort of the legal issue here, I think what a lot of the arguments have been, do go to the question of notice. And I think it's important to note here that there was sufficient notice, not only because the indictment stated by its plain terms that it had extended earlier, but that the facts given to the defendant before the plea, including statements made at the plea that his conduct had started in 2019, you know, made clear to him that the government's view was that this was not limited to that time period. So what is the, how do you, if one's writing this opinion, what does, how does one articulate, so the argument is there's an offense, we're not using like guidelines relevant conduct, it's nexus to the offense. The offense is an agreement. An agreement is reached at a certain time. And they're saying what was alleged is the agreement was reached on January of 2022. And you're saying, well, no, it was actually reached earlier than that. But it can't go back 20 years earlier, so I wouldn't think. So what is the way to think about what is the limitation on when it's now some other offense, some other agreement, if what is the time doing? I think it's worth pointing out that I think the strongest case for the government's position is not Cox, but George, who specifically said that in the case of a conspiracy, the scope of forfeitable property can extend to the ill-gotten gains of conspiracy, not just those that flow from the underlying counts of conviction. So the idea is that it does, it can extend. And the question is how far. And I think there's two limiting principles. The first is that there has to be a finding supportable by their preponderance that this conspiracy, the one that was the agreement that was charged, it continued back into that earlier period of time. If you're talking about 20 years, 10 years, even five years, it would be difficult to show that. Excuse me. I would think your response would be that putting aside the notice question, the time frame, that's not really the relevant question, is what facts support when that conspiracy agreement was first formed. I mean, that's a factual matter. It's not subject to an arbitrary time limit. I think that would be your position. And that was what I was trying to get to. I may have said it the wrong way. But it's whether that's what I view as one of the prime limitations that has to be supportably found, in this case it's undisputed, that the conspiracy of conviction extended back to that earlier time, that that same agreement extended back to the time, and not some other conspiracy involving different people or otherwise distinguishable from the ones charged. So why do we plead dates in these things? Excuse me? Why do we plead the dates in these indictments? Why do we do that? I mean, we do that in every indictment. Right. Again, to provide notice, to allow them to defend against the conviction, defend a trial. And I think the analogy of variance cases is a good one, which is we allow variances that can be quite significant as long as they're not prejudicial. And there hasn't been an argument about prejudice here, and there hasn't been an argument of lack of notice made here, specifically with respect to these dates. One point, I think, because it's not being briefed. Excuse me.  If it's to provide notice, historically, why do the indictments not just say stretching back to the statute of limitations limit? Well, I think because questions of prejudicial variance would arise if a defendant doesn't know what particular crime they're being charged with. Well, it couldn't be a variance if it — Well, I mean, I think an indictment can be too nonspecific, and not argument was made here. It's kind of important to know that an indictment is a challenge. You're on. No, we're just trying to understand the framework that we're supposed to. No. I guess what I'm saying is as long as the indictment is facially sufficient — and I think, again, that hasn't been challenged here, but I think the point is that as long as there is fair notice, and that fair notice can include a situation where there's a nonprejudicial variance from the dates. I think this Court has also found it can be a nonprejudicial variance in terms of the place in which the events have occurred. But as long as it's — the difference is within the scope of nonprejudicial — and, again, no argument of prejudice has been made — and, as Your Honor suggested, if there's a supportable finding that this was part of the same scheme, part of the same conspiracy, whatever the object is, then those two things provide the limitations. If there was an argument that he had no idea — and I want to raise the point I was going to make, which is one of the specific items noted in the indictment, in the original indictment, was purchased in 2021, the Can-Am Spyder. And it's — so the suggestion that there's nothing in the indictment itself that points to an earlier date in the forfeiture allegations specifically in the indictment, that was identified. And Joint Appendix 111, it's pointed out, that was purchased in June of 2021. So there was at least some information in the indictment. And we also know, although it's not something in the record, that in discovery the information, including CW1's testimony that he was dealing with catalytic converters with Davila back into early 2020, was also given to the defendant actually in December of 2023. So there's the idea that there wasn't some available notice. It may be why there wasn't a claim of lack of notice, because he was aware.  You know, we make the point in Cox that forfeiture is not part of the substantive offense. It's actually a part of sentencing. So do we perhaps have to be careful that we don't import into the forfeiture analysis concepts that may be highly relevant to the substantive offense? Variants, notice, maybe those concepts fit uneasily in the context of forfeiture, which, again, is part of the sentencing process, not the substantive offense. I mean, is that a meaningful distinction? Well, I mean, at sentencing, sort of the counter to that is that at sentencing we can consider evidence beyond the counts of conviction. We can consider relevant conduct. We can consider a host of things that go beyond the scope of the conviction. And as we point out, in the particular conspiracy context, this Court has long recognized for purposes of relevant conduct, it can extend well before. But they're right to say that the forfeiture statutes require a nexus to the offense.  So we have to make sense, right, of the offense. Your Honor, don't disagree at all. And the nexus requirements are a real limitation. And I think, again, what George tells us what that nexus – it says the requisite nexus, and the nexus is established by the underlying statutes. And what George says is that when it's a conspiracy, the requisite nexus is that it's a proceed of that conspiracy. And that defines – we couldn't go to relevant conduct that's unrelated. It might be part of some other conduct of the defendant. That would be different if – and I'm thinking of the Cappaccio case. So this case says at least at the latest, or whatever, January of 2022. In that case, it just said, I think, either after a certain date. Would that matter to you, or that wouldn't matter? Well, no, I think it makes a difference in terms of the notice provided. And I think that when we – it says specifically on a date unknown, but at least by – we're specifically signaling that this is not the beginning, that there's an earlier date that we don't – the grand jury could not establish or did not establish. But that doesn't mean the district court couldn't do it under preponderance standard at sentencing. But I think – So could property obtained before the statute of limitations be included? That's an interesting question that I don't know – Well, what I'm getting at is why don't we – why isn't it that we should start with that date? You still have – you still have the nexus requirement, but the cutoff date would be anything going back to the – where the statute of limitations would have run. Well, I'm not sure if – for sentencing purposes. And, again, this is part of sentencing, whether it's limited in that way. And this – because this is an argument that – Well, that's what I'm asking you. No, and I don't know the answer to the question. It's like whether in the cases that have discussed a conspiracy at sentencing going beyond before the dates of indictment, where they go as far as dates before the statute of limitations. Doesn't the Fifth Circuit say that's the cutoff date? And I'm not sure, Your Honor. I think – and I don't know how that would even play on the facts of this case because I don't – I don't think that that would be a statute of limitations problem in this case. Well, so far I've – I think I'm taking from your argument that you think two weeks is not the right number. But I'm having a lot of trouble on the other end still. Well, no, I – again, I think that to my mind that there are sort of two pillars that govern this. One is it has to be supportably part of the same conspiracy or scheme or whatever it is that's – Yeah, we're all agreed on that. Right. And not a different one. And that if it's far enough back in time or involves different players, there would be an argument that it's not and that that would be something reviewable by this Court, but that a district court can find by the preponderance. And here that's not challenged. But the second one is questions of notice. If there's an argument of prejudice, they were unable to prepare their defense to find the information they needed to rebut the claim that these were proceeds because we sprung it on them in some sense and they had no idea that we were arguing or believed conspiracy or scheme went earlier. But, again, those aren't raised here, and I don't think they would have force here because I think there was sufficient notice in terms of the one item in the indictment in 2021, in terms of the information disclosed in discovery, but even the specific statement at the Rule 11 that it began in 2019, and then there was no argument. I can't find the information I need. You know, you, by not telling me, I've lost the receipts that might have proved to me that, proved to you that it was bought at a different time. Like, no argument of that kind was made. So I think those are not meaningless limitations, limiting it to what is supportably found to be part of the same scheme or conspiracy. And, secondly, that there's not a prejudicial lack of notice in terms of lack of ability to defend against the claim of forfeiture at the time that it's actually discussed. In the proceedings below, the government offered to present additional evidence to the sentencing judge if the judge thought it was necessary. We're talking now about the factual issue.  And the income that he had available to him, how he spent that income. The court said, I don't need that. What additional information did the government have? I think what the government was suggesting is that it could have gone sort of a bank statement by bank statement view and sort of added up the amounts and tried to get, which did not happen, as to exactly what was going in and what was coming out. But the district court found it didn't need that because it could see that what was going out was pretty commensurate, was coming in from legitimate sources, and he had specific statements, including one statement that he was actually told, I buy my toys with the proceeds of the thefts, the defendant's own statement that he drove his bank account, and other information including his hiding of the titles and stuff to suggest, all of which certainly supported by a preponderance of evidence that he preferentially bought these things with proceeds and not with legitimate income. I think the government would have added to its analysis the bank statements, but I think the primary stuff on which the district court relied was sufficient as it was, particularly these statements and, again, the nature of the way the titles were hidden and that kind of stuff to suggest that these were bought with proceeds. Thank you. Thank you. Thank you. You have two minutes. I would like to address the question about the language in Capocea. The Capocea indictment stated that the conspiracy, excuse me, or that the offense commenced on or about July 1st, 2000. In this case, we have language that uses at least. I don't think those two terms are functionally different, and Capocea stated you don't have that much leeway even though you're using that approximate language. In Capocea, they stated that even though the conduct was alleged. Doesn't it at least mean earlier? It means. Is that what it means? Yes. I agree it means earlier, but years earlier, no. For in Capocea, the conduct charge was July 1st, 2000, and Capocea stated you can't reach assets from before May 2000. So there you're just talking about a couple of months, and here the government seems to be asking to go back years. Well, they basically say we don't know or we're not sure, but we think it's this date or earlier, and then the point was, I think, but there's a lot of stuff that your client would have understood that they thought it was earlier in this range of time. And so the argument is how does that harm your client? So how does it? So the dates and indictment must mean something, and I don't think the conspiracy that began in 2019 or 2020. The indictment states at least January 1st, 2022. So, again, our client is entitled to fair notice as to what he is entering a plea to and what he was charged with. The conspiracy is at least January 1st, 2022. So acts from 2019 through 2021 really have no relevance for purposes of forfeiture. Thank you. Thank you.